# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CELESTE GARRETT, )
)
        PLAINTIFF, )
)
vs. ) Case No.:   CIV-15-1381-W
)
THE HERTZ CORPORATION, )
)
        DEFENDANT. )

## COMPLAINT

Plaintiff, Celeste Garrett, by and through her counsel, Brice W. Bisel, OBA #30986, hereby complains against Defendant Hertz Corporation, as follows:

## NATURE OF CASE

1. Plaintiff alleges a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq* ("Title VII") for sex/gender discrimination and failure to promote. Plaintiff also brings a state law cause of action for a wrongful discharge in violation of the Oklahoma Anti-Discrimination Act based upon sex/gender discrimination, *see* 25 O.S. §1101 *et seq*.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. §§1101 *et. seq*.

1

This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are also sought pursuant to 42 U.S.C. §1981a.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5 and Fed. R. Civ. P. 54.

6. This action properly lies in the District Court for Western District of Oklahoma pursuant to 28 U.S.C. §1391(d), because Defendant operates in this district, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant 42 U.S.C. §2000e-5, because the unlawful employment practice was committed in this judicial district.

## PARTIES

7. Plaintiff, Celeste Garrett, a female, is an individual citizen and resident of the United States of America. At all times relevant herein, Plaintiff was a resident of Edmond, Oklahoma.

8. Plaintiff is a former employee of Defendant.

9. Defendant Hertz Corporation, is Foreign For Profit Business registered with the Oklahoma Secretary of State.

10. Defendant Hertz maintains offices throughout the United States.

11. Plaintiff formerly worked at Defendant's Oklahoma City location.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 8, 2014; EEOC Charge Number 564-2014-01459.

13. On July 28, 2015, the EEOC issued a finding of gender discrimination against Defendant.

14. Plaintiff was issued a notice of right to sue dated October 15, 2015, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice, as Plaintiff received the right to suit on or about October 19, 2015.

15. Plaintiff's charges were also filed timely within the 180-day window provided by the Oklahoma Anti-Discrimination Act.

16. Plaintiff has exhausted her administrative remedies under federal and state law.

## GENERAL ALLEGATIONS

17. On or about July 22, 2013, Plaintiff began working as the A2R Finance Manager at Defendant's Oklahoma City location.

18. Throughout Plaintiff's employment, she performed her job duties as required and received bonuses for her performance.

19. Throughout Plaintiff's employment she was qualified for the position that she held.

20. In July 2014, Plaintiff applied for a promotion to the position of Director, North American General Accounting.

21. On or about August 28, 2014, Defendant notified Plaintiff that she was not selected for the position.

22. Instead of promoting Plaintiff to the position, Defendant promoted a younger male employee.

23. This male employee was much less qualified for the position than Plaintiff.

24. In fact, Plaintiff actually trained the male employee actually hired for the position.

25. The male employee did not meet all qualifications for the position to which Plaintiff applied.

26. Members of management told Plaintiff that even though the male employee did not meet all qualifications for the position, he was the "best person for the position."

27. Defendant also informed Plaintiff that she had not "been in her position long enough" to receive the promotion.

28. Plaintiff had been in her position for four (4) months before the male employee who received the promotion was even hired.

29. Defendant then made this individual Plaintiff's direct supervisor and did not allow her to continue under her previous supervisor.

30. Defendant told Plaintiff that she could no longer apply for other positions within the company unless her new boss (the individual selected over her) signed off on the paperwork.

31. Plaintiff filed her EEOC charge after these actions and Defendant subsequently removed her from consideration for all other jobs she'd applied for within the company.

32. Feeling that she had no choice but to resign her employment, Plaintiff left Defendant's employ in late 2014.

33. Defendant is liable for the illegal actions of the members of management whose illegal conduct is demonstrated throughout this complaint. *See generally Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

34. Plaintiff believes that this treatment was motivated her sex/gender or in retaliation for her opposing her management's decision(s) in denying her promotion attempt(s).

35. At the time of Plaintiff's termination, she was being paid at the rate of approximately $112,000.00 per year in base salary.

36. Had Plaintiff received the promotion for which she was not selected, she would have been paid $130,000.00-$140,000.00 in base salary, received a large bonus and received a company vehicle.

37. As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of seniority, loss of career path, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

38. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT I

### Discrimination Based Upon Gender/Sex, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the Oklahoma Anti-Discrimination Act, 25 O.S. §1302

39. Plaintiff reasserts and incorporates by reference paragraphs 1-38 as set forth above as if fully restated herein.

40. Defendant's actions in denying Plaintiff's promotion attempt(s), as described above, constitute discrimination based upon gender/sex, in violation of Title VII and the OADA.

41. The above-described actions also created a hostile work environment, in clear violation of Title VII and the OADA.

42. Defendant's willful and malicious misconduct as described above, in discriminating against Plaintiff based upon her sex/gender is in violation of Title VII and the OADA.

43. Plaintiff's gender was a motivating factor in Defendant's adverse employment-related actions described above, including without limitation: the creation of a hostile work environment and the failure to promote Plaintiff. Defendant violated Plaintiff's civil rights by taking such adverse actions.

44. As a result of Defendant's illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth in paragraphs 35-38, above.

45. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

46. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a.  Back pay, in amounts to be determined at trial;

b.  Liquidated and punitive damages;

c.  Compensatory and consequential damages;

d.  Injunctive and/or declaratory relief;

e.  Pre-judgment and post-judgment interest at the highest lawful rate;

f.   Attorneys' fees and costs of this action, including expert witness fees, as

appropriate;

g.   That Defendant be enjoined and restrained from engaging in further

discriminatory conduct; and

h.   Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma

and Federal law.

Dated:  12/28/2015

Respectfully submitted,

s/ Brice W. Bisel
Brice W. Bisel, OBA #30986
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
brice@mazaherilawfirm.com
*Attorney for Plaintiff*

**Attorney's Lien Claimed**